UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAUNDREA MONTREAL ANDERSON, | Case No. 25-CV-1033 (ADM/JFD) |
| Plaintiff, | |
| v. | ORDER & REPORT AND RECOMMENDATION |
| KWIK TRIP, INC., | |
| Defendant. | |

This matter is before the Court on Plaintiff Daundrea Montreal Anderson's multiple motions filed on or about August 8, 2025. (*See* Dkt. Nos. 18–30.) These filings include both dispositive and non-dispositive motions. The Court concludes that each of these filings are untimely and inappropriate. Accordingly, the Court, on its own initiative, denies the non-dispositive motions without prejudice and recommends that the dispositive motions also be denied without prejudice. The Court also cautions Mr. Anderson that excessive, unnecessary filing not permitted by the governing rules may result in consequences and reminds him that even though he represents himself, he will be held to the same standards of practice as a lawyer. Mr. Anderson's non-dispositive motions include:

1. A Motion to Compel Disclosure (Dkt. No. 23);
2. A Motion to Supplement the Record (Dkt. No. 24); and
3. A Motion to Compel Discovery (Dkt. No. 25).

Mr. Anderson's dispositive motions include:

1. A Motion for Permanent Injunction (Dkt. No. 18);

2. A Motion for Declaratory Judgment (Dkt. No. 19);

3. A Motion for Default Judgment (Dkt. No. 20);

4. A Motion for Protective Order (Dkt. No. 21);

5. A Motion for Sanctions Due to Spoliation of Evidence (Dkt. No. 22);

6. A Motion for a Court-Appointed Independent Monitor (Dkt. No. 26);

7. A Motion to Strike Affirmative Defenses (Dkt. No. 27);

8. A Motion in Limine (Dkt. No. 28);

9. A Motion to Exclude Undisclosed Witnesses or Documents (Dkt. No. 29); and

10. A Motion for Judicial Notice (Dkt. No. 30.).

Even further, Mr. Anderson has filed four discovery requests and two other documents on the record, including:

1. A Formal Request for Disclosure (Dkt. No. 31);

2. A Request for Production of Documents (Dkt. No. 32);

3. A Request for Admissions (Dkt. No. 33);

4. A Declaration of Readiness for Discovery (Dkt. No. 34);

5. A Notice of Readiness for Trial (Dkt. No. 35); and

6. A Set of Interrogatories (Dkt. No. 36).

Each of the above filings is untimely and violates the Local Rules of the District of Minnesota. The Defendant in this case, Kwik Trip, Inc. ("Kwik Trip") was issued notice of this lawsuit on August 5, 2025, only two days before each of the above filings were received by the Clerk of Court. (*See* Notice of Lawsuit and Request for Waiver of Service,

Dkt. No. 10.) This notice did not constitute formal service of process but a request to waive service to avoid the expense associated with such service. (*Id.*) It gave Kwik Trip until September 4, 2025 to waive service and notified Kwik Trip that, if it waived service, it would have an additional 60 days within which it was required to file an answer or otherwise respond to the complaint. (*Id.*) In short, Kwik Trip is not even a party to this case until it is formally served and files an appearance in this Court. As a result, Mr. Anderson's filings, from a legal perspective, cannot be considered until Kwik Trip has the opportunity to oppose them or until Kwik Trip fails to meet the deadlines to appear set forth in an eventual service of process.

    The Court also finds that none of the motions complies with D. Minn. Local Rule 7.1, which governs motions filed in civil cases in this District. None are accompanied by a Meet and Confer Statement, as required by Local Rule 7.1(a), or any of the other supporting documents required by Local Rule 7.1(b) or (c). (Nor could they be; since Kwik Trip has not yet appeared in this case, there is no opposing party with whom Mr. Anderson could meet and confer. This is yet another reason why these motions are premature.)

    As for Mr. Anderson's discovery requests (*see* Dkt. Nos. 31, 32, 33, and 36), the Federal Rules of Civil Procedure are clear that "discovery requests and responses must not be filed…" The only two exceptions are (1) the Court orders the filing (the Court has not done that in this case) or (2) the discovery requests and responses are used in the proceeding, for example, they are attached as exhibits to a motion to compel or a motion for a protective order. Fed. R. Civ. P. 5(d)(1)(A). Neither of these conditions has occurred.

The Court directs the Clerk of Court to mark the discovery requests (Dkt. Nos. 31–36) as filed in error.

The prolific filing behavior exhibited by Mr. Anderson is unnecessary and wasteful of the Court's resources. The Court advises Mr. Anderson that, although he certainly seems eager to begin litigation and is proceeding without counsel in this case, he is required to follow the same rules as are imposed on parties who come to court represented by counsel. Failure to abide by those rules, including the Federal Rules of Civil Procedure and the District of Minnesota's Local Rules,[1] by filing frivolous or unauthorized motions can result in sanctions. Continued inappropriate filings may even result in an order limiting Mr. Anderson's ability to file on the docket.

## ORDER

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Mr. Anderson is to cease filing on the docket those documents not permitted by the Federal Rules of Civil Procedure or the Local Rules of this Court;

2. Mr. Anderson's non-dispositive motions (Dkt. Nos. 23–25) are DENIED without prejudice as untimely and violative of D. Minn. LR 7.1; and

3. The Clerk of Court is directed to mark the discovery requests (Dkt. Nos. 31–36) as filed in error.

---

[1] These rules, together with resources for persons representing themselves, can be found on the District's website at https://www.mnd.uscourts.gov/rules-and-resources.

## RECOMMENDATION

Further, based on the foregoing and on all of the files, records, and proceedings herein, the Court **RECOMMENDS** that Mr. Anderson's dispositive motions (Dkt. Nos. 18–22; 26–30) be DENIED without prejudice.

Date: August 12, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).