UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAUNDREA MONTREAL ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>KWIK TRIP, INC.,<br><br>Defendant. | Case No. 25-CV-1033 (ADM/JFD)<br><br>**ORDER** |

This matter is before the Court on Plaintiff Daundrea Montreal Anderson's Motion to Strike (Dkt. No. 69), and Defendant Kwik Trip, Inc.'s ("Kwik Trip") Motion for Protective Order and to Strike Mr. Anderson's Improper Filings (Dkt. No. 77.) The Court took the motions under advisement without oral argument.

Mr. Anderson's Motion to Strike is unintelligible, procedurally improper, and without merit. The Court orders that it be stricken. The document itself contains not a single complete sentence, and the Court cannot decipher Mr. Anderson's cryptic, equation-like writing. The Motion neither requests discernible relief nor supports any relief with coherent argument. The Court has warned Mr. Anderson in the past that although he is

> proceeding without counsel in this case, he is required to follow the same rules as are imposed on parties who come to court represented by counsel. Failure to abide by those rules, including the Federal Rules of Civil Procedure and the District of Minnesota's Local Rules, by filing frivolous or unauthorized motions can result in sanctions, including but not limited to dismissal of claims, the award of attorneys' fees and costs incurred responding to improperly filed motions, and contempt proceedings. Continued inappropriate filings may even result in an order limiting Mr. Anderson's ability to file on the docket.

1

(Aug. 12, 2024 Order 4, Dkt. No. 38.) Mr. Anderson's "prolific filing behavior" has not ceased and, in fact, it has become more "unnecessary and wasteful of the Court's resources." (*Id*.) The Court warns Mr. Anderson one final time that continued violation of the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules of the District of Minnesota will be dealt with sharply by the Court.

Kwik Trip's Motion for Protective Order and to Strike asks the Court to take several actions in response to Mr. Anderson's multiple inappropriate, incomprehensible filings, including ordering that

> (1) Plaintiff be required to seek leave of the court before making any additional filings;
>
> (2) Kwik Trip is not required to respond to any pleadings or motions hereafter filed by Plaintiff without first obtaining leave of the Court;
>
> (3) Kwik Trip is not required to respond to any pleadings or motions previously filed by Plaintiff that are currently before the Court, including Dkt. No's 61-71;
>
> (4) Plaintiff may only serve discovery as allowed by the applicable Fed. R. Civ. Proc.; [and]
>
> (5) Plaintiff will limit his service to Kwik Trip to emails to counsel.

(Def's Mem. in Supp. 14, Dkt. No. 79.) Mr. Anderson responded with a brief in opposition only marginally more comprehensible than the motions described above. (*See* Pl's Resp., Dkt. No. 83.) As the Court has stated above, the Court agrees with Kwik Trip's characterization of the documents filed by Mr. Anderson as procedurally improper and incomprehensible.

2

Federal Rule of Civil Procedure 26(c)(1) provides that a court may enter a protective order when the moving party has shown good cause for such order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."

The Court grants Kwik Trip's motion in part and denies it in part. Kwik Trip's first request, though it would likely reduce annoyance to Kwik Trip, will result in an excess of filing and communications for little efficiency gained by either the Court or Kwik Trip, so that request is denied. The Court will grant Kwik Trip's second request but will modify it. Kwik Trip is not required to respond to any pleadings or motions filed by Plaintiff after the date of this Order unless the Court directs Kwik Trip to do so. Because the Court has denied Mr. Anderson's Motion at Docket Number 69 and recommended denial of his motions at Docket Numbers 61, 62, and 63, Kwik Trip's third request is denied as moot. The Court also finds that striking those filings at this time would be inappropriate, given this Court's recommendation that they be denied. (*See* Report and Recommendation, Dkt. No. 85) Kwik Trip's fourth motion is, of course, duplicative of the Federal Rules themselves and of previous orders of the Court. Mr. Anderson is obligated to follow the Federal Rules of Civil Procedure pursuant to each of those authorities.

Kwik Trip's final request, that Mr. Anderson limit his service on Kwik Trip to emails to counsel, is related to an incident where Mr. Anderson personally appeared at Kwik Trip's counsel's office to serve one of his motions and refused to leave until his motion was stamped as received. (Petersen Francis Decl. ¶3, Dkt. No 80.) While the declaration does not explicitly mention safety concerns, the Court is very troubled by Plaintiff's actions and grants the request. Mr. Anderson is to serve Kwik Trip via email and

shall not appear at counsel's office unless invited. A violation of this component of this Order will result in contempt of court proceedings.

## **ORDER**

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein:

1. Mr. Anderson's Motion to Strike (Dkt. No. 69) is **DENIED**.

2. Kwik Trip's Motion for Protective Order and Motion to Strike (Dkt. No. 77) is **GRANTED in part and DENIED** in part, as described above.

Date: December 4, 2025            *s/ John F. Docherty*
                                  JOHN F. DOCHERTY
                                  United States Magistrate Judge